**Tommy Joe DENNISON and Leonard Franklin Dennison, for certain heirs of twenty-three Kaw half-breed Indians, Appellants/Cross-Appellees,**

**v.**

**TOPEKA CHAMBERS INDUSTRIAL DEVELOPMENT CORPORATION, a Kansas corporation, and Security Benefit Life Insurance Company, a Kansas corporation, for all persons claiming an interest in Kaw half-breed reserves 1–23, Shawnee and Jefferson Counties, Kansas, Appellees/Cross-Appellants.**

**Nos. 81–2376, 81–2494.**

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1984.

David Burlingame, Denver, Colo. (Martin M. Berliner of O'Connor & Hannan, Denver, Colo., and J.B. Craig of Bachmann, Arnold,

Graybill & Craig, Wichita, Kan., with him on brief), for appellants/cross-appellees.

John C. Christie, Jr., Washington, D.C. (J. William Hayton, Stephen J. Landes, and Lucinda O. McConathy of Bell, Boyd & Lloyd, Washington, D.C., and Donald R. Newkirk and Gregory J. Stucky of Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., with him on brief), for appellees/cross-appellants.

Before SETH, Chief Judge, McWIL-LIAMS, Circuit Judge, and KERR, District Judge [*].

McWILLIAMS, Circuit Judge.

An 1825 treaty between the United States and the Kansas or Kaw Indians reserved, *inter alia,* from the cession of land by the Kaws to the United States, one-mile square tracts of land for each of 23 named half-breeds. Treaty with the Kansas Nation of Indians, June 3, 1825, 7 Stat. 244. This proceeding seeks to determine present ownership of the land thus reserved in the 1825 treaty. The land involved comprises approximately 14,500 acres. It is located in the State of Kansas, on the north side of the Kansas River, and includes a portion of the City of Topeka.

The plaintiffs in the instant case are Tommy Joe Dennison and Leonard Franklin Dennison, acting on behalf of themselves and on behalf of a class of alleged heirs of the 23 Kaw half-breeds listed in the 1825 Treaty. The two named defendants have been sued individually and as representatives of all current owners of the 23 square miles reserved in the 1825 Treaty. The named defendants are Topeka Chambers Industrial Development Corporation, which owns a 225-acre tract within the area in question, and Security Benefit Life Insurance Company, which holds a mortgage on that property.

The complaint sets forth two causes of action. Jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332. In the first cause of action, the plaintiffs allege that Article 11 of the 1825 Treaty imposed a restriction on the half-breeds' ability to alienate the 23 tracts reserved to them under Article 6 of the Treaty, and that Article 11 required the United States to consent to any attempted transfer by the half-breeds to others. It was further alleged in the first cause of action that the restriction on alienation in the 1825 Treaty has never been changed, and has remained operative from 1825 to the present. The plaintiffs then allege that the United States has never consented to any transfer by any of the 23 half-breeds or their heirs, and that, accordingly, all transfers of these lands from 1825 until the present are invalid. In a second cause of action, the plaintiffs allege that the numerous transfers of these lands since 1825 are void, because the initial transfers from the half-breeds were based on fraud and duress.

By answer, the defendants alleged, *inter alia,* that plaintiffs' causes of action were barred by a Congressional Act of May 26, 1860, 12 Stat. 21 and a Congressional Resolution of July 17, 1862, 12 Stat. 628, by Private Law 90–318 of August 8, 1968, 82 Stat. 1420, by adverse possession and other property law doctrines, and by various Kansas statutes of limitation, including Kan. Stat.Ann. §§ 60–503 through 60–507 (1976).

The defendants subsequently filed a motion for summary judgment, alleging that there were no genuine issues of material fact. By stipulation, the parties agreed that a number of documents contained in an appendix to the defendants' motion for summary judgment were authentic and admissible in evidence and could be received in evidence by the district court without further foundation or proof.

The defendants' position in support of their motion for summary judgment is as follows: (1) assuming the 1825 Treaty placed a restriction on alienation by the half-breeds of their reserved land, Congress, by legislation in 1860 and 1862 removed this

---

[*] Honorable Ewing T. Kerr, United States District Judge for the District of Wyoming, sitting by designation.

restriction, rendering the lands freely alienable; (2) claims based on transfers prior to 1862 are barred by the statute of limitations; and (3) if the legislation of 1860 and 1862 did not lift the restrictions imposed in the 1825 Treaty, any claims of plaintiffs were extinguished by a 1968 Private Law, in which Congress compensated the heirs of the original reservee half-breeds.

The district court granted defendants' motion for summary judgment, entered judgment in their favor and assessed costs against the plaintiffs. In granting the defendants summary judgment, the district judge ruled that the 1825 Treaty did impose on the half-breeds and their heirs a restriction on the alienation; that such restriction was lifted by the Congressional Act of 1860 and Resolution of 1862; and that any remaining claims on the part of any of the plaintiffs were extinguished by the Private Law of 1968. It was on this general basis that summary judgment was entered in favor of the defendants. The opinion of the district court was published, and now appears as *Dennison v. Topeka Chambers Industrial Development Corporation*, 527 F.Supp. 611 (D.Kan.1981).

The plaintiffs appeal from the adverse judgment thus suffered. The defendants cross-appeal, asserting that should we, on appeal, find that the district court erred in holding that the plaintiffs' claims were barred because of the 1860 and 1862 legislation, or because of the 1968 legislation, then we should rule that the district court erred in holding that the 1825 Treaty imposed a restriction on the alienation of the 23 tracts here involved.

As indicated, the district judge, the Hon. Frank G. Theis, authored a lengthy and well documented opinion in the instant case. He carefully considered all of the issues and reviewed all pertinent authorities. Our study of the matter leads us to conclude that Judge Theis reached the correct result and we are in accord with his reasoning. Such being the case, we see no need to repeat here, or perhaps rephrase, that

which has already been well said by Judge Theis. On that basis, we affirm.

Judgment affirmed.