Vickie SINGER, et al,
Plaintiffs-Appellants,

v.

Robert WADMAN, et al,
Defendants-Appellees.

Vickie SINGER, et al,
Plaintiffs-Appellants,

v.

Walter D. TALBOT, Defendant-Appellee.

Nos. 82–2273, 83–1501.

United States Court of Appeals,
Tenth Circuit.

Sept. 27, 1984.

Robert P. Schuster, Jackson, Wyo. (and Gerry L. Spence, Edward P. Moriarity, and Bradley L. Booke of Spence, Moriarity & Schuster, Jackson, Wyo., and Kathryn Collard of Collard, Pixton, Iwasaki & Downes, Salt Lake City, Utah, with him on the brief), for plaintiffs-appellants.

Allan L. Larson, Salt Lake City, Utah (and David W. Slagle of Snow, Christensen & Martineau, and Robert R. Wallace, Asst. Atty. Gen., Salt Lake City, Utah, with him on the briefs), for Scott Matheson, Robert Wadman, Larry Lunnen, Robert Reid, and Bill Riggs, defendants-appellees.

Tim Dalton Dunn of Hanson, Russon & Dunn, Salt Lake City, Utah (Craig S. Cook, Salt Lake City, Utah, of counsel, with him on the brief), for Jolley, Larsen, Farley, Carlson, Fullmer, Gunderson, Schouten and Hayward, defendants-appellees.

Glenn C. Hanni, Salt Lake City, Utah (and Robert A. Burton of Strong & Hanni, P. Keith Nelson and Gary B. Ferguson of Richards, Brandt, Miller & Nelson, W. Eugene Hansen and Ralph L. Dewsnup of Hansen & Thompson, Salt Lake City, Utah, with him on the brief), for Ron Robinson, Robert Adkins, and Terry Christiansen, defendants-appellees.

J. Michael Hansen, (and Stewart M. Hanson, Jr., of Suitter, Axland, Armstrong & Hanson, Salt Lake City, Utah, with him on the briefs), for Larry Henley and Robert A. Bates, defendants-appellees.

David L. Wilkinson, Atty. Gen., and John S. McAllister, Asst. Atty. Gen., Salt Lake City, Utah, were on the brief for Walter D. Talbot, defendant-appellee.

Walter R. Ellett, Murray, Utah, and A. Alma Nelson and Don J. Hanson, Bayle, Hanson, Nelson & Christensen, Salt Lake City, Utah, were on the brief for Val D. Edrington and South Summit School Dist., defendants-appellees.

Before LOGAN, BREITENSTEIN, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

John Singer was shot and killed by law enforcement officer Louis Jolley on January 18, 1979. Jolley, along with nine other Utah law enforcement officials, was attempting to arrest Singer. At the time of the arrest attempt, there were two outstanding warrants calling for Singer's arrest. One was a misdemeanor warrant based on Singer's conviction for violations of the Utah Compulsory Attendance Law, Utah Code Ann. §§ 53–24–1 and –3 (1981). The second was a felony warrant based on his resistance during a prior attempt to arrest him under the authority of the misdemeanor warrant. The scene of the shooting was in front of Singer's home. As Singer walked towards his mailbox, a team of ten officers on snowmobiles attempted to surround him. The plan was that when confronted with a show of force Singer would surrender. Tragically, he did not, but instead drew a pistol from his waistband and pointed it at the authorities as he tried to run towards his house. It was in this setting that Jolley shot and killed Singer.

Based on this shooting incident, Vickie Singer, the widow, on behalf of herself and her minor children, and as personal representative of her deceased husband's estate, instituted the present action in the United States District Court for the District of

Utah against numerous Utah officials, including Lew Jolley, members of the arrest team, the Summit County School District and Superintendent of Schools, the Summit County Attorney, and Deputy County Attorney, the State Superintendent of Public Instruction, and the Governor of Utah. The complaint set forth nine claims for relief, five of which alleged constitutional violations under 42 U.S.C. § 1983, and four were pendent state tort claims. Extensive discovery followed, with the result that approximately seventy-two persons were deposed. The defendants then moved for summary judgment. The district court issued a 218-page Memorandum Decision and Order granting the motion and entered judgment in favor of all defendants. The Singers appeal.*

Before considering the merits of the appeal, the appellants argue that the trial judge erred in refusing to disqualify himself from the case pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a). The plaintiffs-appellants filed a motion to disqualify the trial judge, the Honorable David K. Winder, to whom the case had been assigned. One of the grounds asserted was that he was a Mormon and that, according to counsel, the case involved, *inter alia,* a challenge to the theocratic power structure of Utah. Plaintiffs also claimed that the trial judge was biased because of his former law partnership with one of the defense counsel. Plaintiffs contended the trial judge's partiality was shown by the numerous caustic remarks aimed at plaintiffs in his 218-page opinion. The trial judge denied the motion to disqualify, and in thus ruling we find no abuse of discretion.

■ In the first place, the motion to disqualify was not, in our view, timely

filed. The motion was filed about one year after the complaint was filed and after the appellants had suffered some adverse rulings on interlocutory matters. Further, the grounds asserted in the motion to disqualify are legally insufficient. *See United States v. Ritter,* 540 F.2d 459 (10th Cir.), *cert. denied sub nom. Olson Farms, Inc. v. United States,* 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976); *Parrish v. Board of Commissioners,* 524 F.2d 98, 100 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). As for Judge Winder's former partnership with a lawyer for one of the defendants, we do not believe this requires his disqualification. *See Miller Industries v. Caterpillar Tractor Co.,* 516 F.Supp. 84 (D.Ala. 1980). Finally, the various remarks made by the district judge during the course of the proceedings do not, as counsel suggests, substantiate the claim of bias or prejudice. On the contrary, in our view, the district judge exhibited commendable patience and restraint throughout this admittedly and understandably emotional affair.

■ Turning now to the merits of the case, we first recognize that there is a certain reluctance to grant summary judgment in a civil rights conspiracy case, since the existence or nonexistence of a conspiracy is generally a fact issue. *Adickes v. Kress & Co.,* 398 U.S. 144, 176, 90 S.Ct. 1598, 1618, 26 L.Ed.2d 142 (1970). But summary judgment is not always inappropriate, even in a § 1983 suit. The Supreme Court has declared that insubstantial suits need not proceed to trial. *Harlow v. Fitzgerald,* 457 U.S. 800, 808, 102 S.Ct. 2727, 2733, 73 L.Ed.2d 396 (1982). The comment of Judge John Paul Stevens, now Justice

---

* During discovery, plaintiffs attempted to join Walter D. Talbot, State Superintendent of Public Instruction, as a defendant in the original case. Judge Winder refused to grant plaintiffs' motion to amend their complaint, and so plaintiffs brought a separate suit against Talbot. The trial court granted summary judgment to Talbot on March 17, 1983. On appeal, the two suits were consolidated. Plaintiffs allege in their complaint against Talbot five causes of action: three civil rights violations under 42 U.S.C. § 1983 arising from Talbot's alleged participation in a conspiracy to deprive the plaintiffs of their constitutional rights and two pendent state tort claims for outrage and infliction of emotional distress.

Stevens, in *Kiess v. Eason,* 442 F.2d 712, 713 (7th Cir.1971), has present pertinency:

> Inevitably in a record of this magnitude the parties' versions of the facts will differ. The same events will be described or recalled differently by different witnesses. What is innocuous to one may appear sinister to another. *Such differences do not preclude summary judgment, however, unless they are material to the outcome.* (Emphasis added)

■ The dominant claim for relief is that the defendants, under color of state law, conspired to violate the appellants' civil rights. A civil conspiracy is the combination of two or more persons acting in concert, either to commit an unlawful act, or to commit a lawful act by unlawful means. *Hampton v. Hanrahan,* 600 F.2d 600, 620–21 (7th Cir.1979), *rev'd in part on other grounds sub nom. Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). Applying the definition of a civil conspiracy to the instant case, the record indicates beyond any doubt that though the defendants, or some of them, were acting in concert, they were not committing an unlawful act. On the contrary, the defendants were committing a lawful act, enforcing the Utah Compulsory Attendance laws and arresting a person for whom there were outstanding arrest warrants. We note that Singer had been convicted of violating the Utah Compulsory Attendance Law and that he did *not* thereafter appeal his conviction. In this connection, the district court observed that a citizen might be justified in resisting state regulations which unlawfully infringed on constitutional rights, but only pursuant to "legal remedies," and not by means of the self-help used here by Singer.

■ There remains the second alternative: Were the defendants carrying out a lawful act by unlawful means? We think the record shows they were not. With respect to the claim for relief alleging excessive force, the depositional testimony shows that Singer, who on prior occasions had stated that he would resist arrest and that any attempt to arrest would involve "blood shed," resisted arrest on this occasion by pulling a gun from his belt and pointing it at the law enforcement officers. In such circumstances, the deputies did not have to wait for Singer to fire first; they had a right to shoot to kill. Utah Code Ann. § 76–2–404 (1978).

As just stated, we do not believe there were any genuine issues of material facts. Discovery was extensive. The district court gave this matter careful consideration, and, as indicated, filed a 218-page Memorandum Decision and Order. In so doing, the district court set forth the facts in great detail, and we see no need to repeat them here. Further, the district court fully reviewed all the applicable authorities and concluded that summary judgment was proper. We are in accord with the result reached by the district court, and the reasoning behind such result. Accordingly, we do not see any good reason to reiterate here that which the district court has already well said. *Cf. Dennison v. Topeka Chambers Industrial Development Corp.,* 724 F.2d 869 (10th Cir.1984).

The Memorandum Decision and Order of the district court was not published. In order to give meaning to our opinion to persons who have not read the district court's opinion, and perhaps do not have speedy access to it, we order that the Memorandum Decision and Order be published.

Judgment affirmed.