992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe L. BELL, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 92-6406.
 United States Court of Appeals, Tenth Circuit.
 April 27, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiff-appellant Joe L. Bell appeals the district court's denial of his Rule 60(b) motion for relief from judgment. Plaintiff, appearing pro se, alleges that defense counsel presented false and misleading testimony to the district court during trial. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.
 
 Background
 
 2
 Mr. Bell was hired as a mail processor by the Postal Service in November, 1986. He had passed a preemployment physical and declared that he had no physical impairment which would affect his job performance. In fact, Mr. Bell had a pre-existing back injury incurred in the Army and had been awarded a partial disability rating by the Veterans Administration. Mr. Bell aggravated his back condition several times during his first year of employment. In November 1987, Mr. Bell was assigned to limited duty, a sedentary job assignment.
 
 
 3
 Later that month, Mr. Bell was notified that the Postal Service would no longer employ him as a mail processor because of the risk of further re-injury. He met with a manager to discuss alternate positions, but found no non-physical positions for which he was qualified. Mr. Bell was removed effective March 1989, for failure to meet the physical requirements of his position. The Merit Systems Protection Board denied his appeal, finding that: (1) he could not meet the physical requirements of his position; (2) his injury was not incurred on the job, so he was not eligible for light duty; and (3) there was no evidence of discrimination.
 
 
 4
 In a trial de novo, the district court found no discrimination because Mr. Bell was unable to perform his duties and was ineligible for a permanent light duty position. Mr. Bell moved for reconsideration under Fed.R.Civ.Pro. 60(b), alleging that defense counsel misled the court. The district court found that Mr. Bell was injured while on limited duty status on November 2, 1987. Mr. Bell contends, however, that he merely visited a doctor on that date, for treatment of an injury incurred on October 16, prior to his transfer to limited duty. Mr. Bell argues that the district court erroneously relied on this evidence in finding that he could not perform limited duty.
 
 Discussion
 
 5
 Mr. Bell's motion to reconsider was not served within ten days of the judgment and so is construed as one pursuant to Rule 60(b). Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991) cert. denied, 113 S.Ct. 89 (1992). Thus, his appeal is limited to review of the district court's denial of that motion, and not the underlying judgment itself. Id. "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." Id. (citing Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir.1990)). We review the district court's denial for abuse of discretion. Cambell v. Bartlett, 975 F.2d 1569, 1580 n. 15 (10th Cir.1992).
 
 
 6
 The district court found that Mr. Bell failed to provide clear and convincing proof of fraudulent conduct or misrepresentation by Defendant or counsel. See DeVargas v. Montoya, 796 F.2d 1245, 1258 (10th Cir.1986). The documents in question consisted of Department of Labor forms which were available during discovery and were introduced into evidence at trial. The forms indicate that Mr. Bell was injured on October 16, 1987, and again on October 25, 1987, and that he stopped work on November 2, 1987. The form is signed by Mr. Bell and was not disputed during trial. We agree with the district court that fraud or misrepresentation was not proven.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3