**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE L. BELL,

      Plaintiff - Appellant,

v.

UNITED STATES POSTAL
SERVICE,

      Defendant - Appellee.

No. 00-6004
(D.C. No. CIV-90-628-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

      Plaintiff-appellant Joe L. Bell, appearing pro se, appeals the district court's

denial of his motion to disqualify the judge assigned to his case. Bell's motion

arises out of the district court's post-trial order entered in 1991 dismissing his

employment discrimination claim against the Postmaster General of the United

States Postal Service. The district court denied Bell's motion for reconsideration

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

of that order pursuant to Fed. R. Civ. P. 60(b) and he filed a timely appeal. On appeal, we affirmed the district court's denial of the motion for reconsideration. See Bell v. Frank, No. 92-6406, 1993 WL 141195 (10th Cir. April 27, 1993).

On December 13, 1999, more than six years after the dismissal of his case was affirmed on appeal, Bell filed a motion for disqualification of the assigned judge. The district court denied the motion as moot, and Bell appealed. We review such denials for an abuse of discretion. See United States v. Lowe, 106 F.3d 1498, 1504 (10th Cir. 1997). The timeliness of a motion to disqualify is "judged by a standard of reasonableness in light of the given facts." United States v. Hines, 696 F.2d 722, 728 n.8 (10th Cir. 1982). Bell's motion to disqualify is untimely; this case was dismissed seven years ago and, but for this motion, is no longer pending in the district court. See, e.g., Franks v. Nimmo, 796 F.2d 1230, 1234 (10th Cir. 1986) (holding untimely a disqualification motion filed over one year after commencement of the proceedings giving rise to the alleged bias); Singer v. Wadman, 745 F.2d 606, 608 (10th Cir. 1984) (holding that the district court did not abuse its discretion in denying a motion to disqualify "filed about one year after the complaint was filed and after the appellants had suffered some adverse rulings on interlocutory matters"). As stated by the district court: "This case is over and Mr. Bell must accept the result." (I R. Doc. 78.)

The district court did not abuse its discretion in denying Bell's untimely motion as moot.

The judgment of the district court is **AFFIRMED.**

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge