**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**DEC 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM H. PAYNE,

        Plaintiff-Appellant,

v.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION;
GILBERT CASELLAS; CHARLES
BURTNER; LARRY J. TRUJILLO;
RICHARD TRUJILLO; THOMAS J.
SCHLAGETER; NICHOLAS M.
INZEO; A. JACY THURMOND;
ALETHA L. BROWN; THOMAS
SPELLMAN, all individually;
DEPARTMENT OF ENERGY;
WILLIAM B. RICHARDSON;
SANDRA SCHNEIDER; STEVE
DILLINGHAM; GEORGE
BREZNAY; WILLIAM JAMES
LEWIS, all individually; SANDIA
NATIONAL LABORATORIES;
C. PAUL ROBINSON; MICHAEL G.
ROBLES; LINDA VIGIL LOPEZ;
G.H. LIBMAN; D. B. DAVIS;
W.R. GEER; J.D. GIACHINO;
A.M. TORNEBY; C.W. CHILDERS;
D.S. MIYOSHI; R.A. POLONCASZ;
M.B. COURTNEY; C.A. SEARLS;
R.L. EWING; R.B. CRANER;
E. DUNCKEL; J.J. MCAULIFFE;
J.D. MARTIN; R. C. BONNER, all
individually; AMERICAN
TELEPHONE AND TELEGRAPH

No. 00-2021
(D.C. No. CIV-99-270-LFG/KBM)
(D. N.M.)

CORPORATION; LOCKHEED
MARTIN CORPORATION,

Defendants-Appellees.

## ORDER AND JUDGMENT [*]

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff William H. Payne, appearing pro se, appeals the district court's dismissal of his Privacy Act complaint against Sandia Corporation, a private corporation that operates the Sandia National Laboratories (Sandia) and individual employees of Sandia; the Equal Employment Opportunity Commission (EEOC) and individual employees of the EEOC; the Department of Energy (DOE) and individual employees of the DOE; American Telephone & Telegraph; and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lockheed Martin Corporation. Plaintiff claimed that Sandia released false and defaming personnel documents pertaining to his termination to the EEOC in violation of the Privacy Act of 1974, 5 U.S.C. § 552a.

Upon consent of the parties, the matter was heard by Magistrate Judge Lorenzo Garcia pursuant to 28 U.S.C. § 636(c), who, in separate orders, dismissed the claims against all defendants. Construing his pro se arguments liberally, plaintiff contends on appeal that (1) the magistrate judge was biased and should have recused himself from the proceedings pursuant to 28 U.S.C. § 144, and (2) that he was denied a jury trial in violation of the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38. We have jurisdiction pursuant to 29 U.S.C. § 1291, and we affirm.

We first address plaintiff's contention that the magistrate judge acted with bias and prejudice against him and improperly failed to recuse himself under 28 U.S.C. § 144. We review the denial of a motion to recuse only for an abuse of discretion. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

On June 8, 1999, several months after filing his complaint and consenting to proceed before Magistrate Judge Garcia, plaintiff filed an affidavit seeking to disqualify the magistrate judge for bias. By then, the magistrate judge had already ruled adversely to plaintiff on numerous motions. Plaintiff's affidavit claimed the magistrate judge was biased against him because he had not

-3-

responded to plaintiff's earlier motion seeking to disqualify another judge who had previously been assigned to the case, but who had since been reassigned. Plaintiff also made conclusory allegations that the magistrate judge was biased in favor of the federal government and disregarded the United States' laws and rules of civil procedure. The magistrate judge denied plaintiff's motion because it was untimely, it was based solely on plaintiff's dissatisfaction with the court's rulings, and it was his second attempt to disqualify a judge assigned to the case. Plaintiff then filed at least nine more motions, demands or requests seeking the magistrate judge's recusal. He claims on appeal that all of the magistrate judge's judgments and rulings after June 8, 1999 are invalid or void, premised on his erroneous belief that the magistrate judge was disqualified from the case simply by virtue of plaintiff's demand for his recusal.

Contrary to plaintiff's contention, it is well settled that the mere filing of an affidavit under § 144 does not automatically disqualify a judge. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). To prevail under § 144, a litigant must file a timely and sufficient affidavit establishing that the judge has a personal bias or prejudice. *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam). Under § 144, an affidavit filed in support of recusal is construed against the affiant, and "there is a substantial burden on the moving party to demonstrate the judge is not impartial." *Id*. at 939. "The affidavit must state with

required particularity the identifying facts of time, place, persons, occasion, and circumstances" necessitating recusal:  "conclusions . . . beliefs, and opinions are not sufficient to form a basis for disqualification."  *Id*.  Moreover, the party seeking recusal must act in a timely fashion to request recusal, and a recusal motion is considered untimely when the objecting party delays filing until interlocutory matters are adversely ruled upon.  *Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir. 1984).  We conclude the magistrate judge did not abuse his discretion in refusing to grant plaintiff's recusal requests, both because those requests were untimely and because plaintiff failed to make a sufficient showing of either the actual or apparent bias or prejudice of the magistrate judge.

Plaintiff next claims that he was deprived of his Seventh Amendment right to a jury trial.  As explained by the magistrate judge in dismissing plaintiff's claims against the private corporations and individuals, the Privacy Act authorizes suit only against an "agency" of the United States Government.  5 U.S.C. § 552a(a)(1), (g)(1);  *Parks v. IRS*, 618 F.2d 677, 684 (10th Cir. 1980).  In general, the United States is immune from being sued unless it consents.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Even when it consents, the general rule is that the Seventh Amendment does not grant a plaintiff the right to trial by jury. *Lehman v. Nakshian*, 453 U.S. 156,160 (1981). Thus, when the government does consent to being sued, the plaintiff has a right to a jury trial only when the right

has been "unequivocally expressed" by Congress. *Id.* at 160-61. The Privacy Act is silent as to any right to a jury trial. Consequently, plaintiff had no right to a jury trial under the Privacy Act. Plaintiff also includes an allegation that he was entitled to a jury trial under Fed. R. Civ. P. 38. Rule 38, however, simply states that Seventh Amendment or statutory rights to jury trial shall be preserved in the federal courts. The rule does not provide an independent entitlement to a jury trial. Moreover, the proper dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) does not violate the Seventh Amendment. *Christensen v. Ward*, 916 F.2d 1462, 1466 (10th Cir. 1990). It is clear from our de novo review that the magistrate judge correctly dismissed plaintiff's complaint against all defendants.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Deanell Reece Tacha
Circuit Judge

-6-