**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald C. IRWIN, Defendant-Appellant.**

**No. 76–1933.**

United States Court of Appeals, Tenth Circuit.

Submitted May 25, 1977.

Decided Aug. 8, 1977.

Rehearing Denied Sept. 6, 1977.

Donald C. Irwin, pro se.

Toshiro Suyematsu, Jerome F. Statkus, Frederic C. Reed, Asst. U. S. Attys., Cheyenne, Wyo., on briefs, for plaintiff-appellee.

Before HILL, SETH and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

Donald C. Irwin appeals his conviction by a jury in the United States District Court

for the District of Wyoming for willful failure to make an income tax return for the calendar year 1974, in violation of 26 U.S.C. § 7203.

The facts are brief and are not in dispute. The government presented evidence to establish that Irwin had income during 1974 in excess of $22,000. Irwin's 1974 income tax return was introduced into evidence. It contained Irwin's name, address, and an entry indicating Irwin was entitled to a refund of $4,694. The return otherwise showed only Irwin's constitutional objections to the questions asked. In response to all questions dealing with Irwin's income for 1974 was the entry "Object-Self-incrimination". We will set forth additional facts as they are pertinent to our discussion of the issues Irwin raises on appeal.

■ The first issue Irwin raises concerns his request for representation by lay counsel. Irwin represented himself at trial as he does on this appeal. He argues that the trial judge's denial of his request violated his Sixth Amendment right to counsel. We have previously addressed such a contention and determined that the Sixth Amendment does not provide the right to representation by a lay person. "Counsel" refers to a person authorized to practice law. *United States v. Afflerbach*, 547 F.2d 522 (10th Cir. 1976); *United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976). The trial court did not err in denying Irwin representation at trial by a layman.

■ Irwin next argues that the trial judge erred in failing to recuse himself on the basis of Irwin's affidavit of prejudice. Section 144, Title 28 U.S.C., provides that a trial judge against whom a timely and sufficient affidavit is filed in good faith by a party demonstrating bias or prejudice against him or in favor of his adversary shall not hear the proceeding. The bias charged must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *Davis v. Cities Service Oil Co.*, 420 F.2d 1278 (10th Cir. 1970).

Irwin's affidavit of bias stated that he had previously filed an action for declaratory judgment on the question of whether he could refuse to answer questions on his 1974 income tax return on the basis of his Fifth Amendment privilege. That action came on for hearing before the same trial judge and was resolved against Irwin.

■ The fact that a judge has previously rendered a decision against a party is not sufficient to show prejudice. *United States v. Goeltz*, 513 F.2d 193 (10th Cir. 1975), *cert. denied*, 423 U.S. 830, 96 S.Ct. 51, 46 L.Ed.2d 48; *Knoll v. Socony Mobil Oil Co.*, 369 F.2d 425 (10th Cir. 1966), *cert. denied*, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138. Further, it appears from the record that Irwin's declaratory judgment action was resolved not on the merits but on the threshold consideration that he failed to demonstrate the existence of a justiciable controversy. Irwin's affidavit fell short of the required showing of bias, and the trial judge committed no error in failing to withdraw from the proceeding.

Irwin sought to challenge the jury array pursuant to 28 U.S.C. § 1867(a). On August 2, 1976, he moved to compel disclosure of the jury selection materials and to obtain a continuance pending his examination of the materials. His motion for disclosure of the documents was granted; his motion for continuance was denied, and the trial proceeded August 3. He seeks reversal for the trial court's refusal to grant the requested continuance. His argument is that he was effectively denied an opportunity to examine the jury selection materials and prepare his motion for stay or dismissal of the information.

■ Irwin must make a clear showing that the trial court's refusal to grant the continuance constituted an abuse of discretion and resulted in manifest injustice in order to obtain a reversal on that ground. *United States v. Hill*, 526 F.2d 1019 (10th Cir. 1975), *cert. denied*, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182. We do not believe he has made such a showing. At

best, had the continuance been granted, Irwin could have filed his motion. His ground for challenge in the district court as well as on appeal is that the use of voter registration lists as a source for prospective jurors systematically excludes large segments of the populace, in derogation of the policy of the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.* Although Irwin did not file a proper motion challenging the jury array, the trial judge considered his contention regarding the use of voter registration lists and correctly rejected it. *United States v. Grismore, supra; United States v. Smaldone,* 485 F.2d 1333 (10th Cir. 1973), *cert. denied,* 416 U.S. 936, 94 S.Ct. 1934, 40 L.Ed.2d 286. We must assume Irwin has now had an ample opportunity to examine the jury selection material. He cites no additional ground upon which to challenge the jury. He cannot have been prejudiced by the court's refusal to grant his continuance.

■ Irwin next argues that the trial judge erred in informing the jurors, by means of a pamphlet regularly mailed to prospective jurors before trial and also by jury instructions, that they were to decide the factual questions on the evidence presented but were to apply the law as the judge explained it to them. He contends the jurors should be free to decide the pertinent questions of law as well. His contention is simply contrary to the law. *United States v. Grismore, supra; Tyler v. Dowell, Inc.,* 274 F.2d 890 (10th Cir. 1960), *cert. denied* 363 U.S. 812, 80 S.Ct. 1248, 4 L.Ed.2d 1153; *Jones v. United States,* 251 F.2d 288 (10th Cir. 1958), *cert. denied,* 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed.2d 715.

■ Irwin argues that he committed no crime in filing the 1974 tax return as he did, and therefore the judge improperly denied his motion to dismiss. Irwin's argument is that he is protected by the Fifth Amendment from disclosing the information requested and may not be subjected to criminal prosecution for the exercise of that right. Irwin places primary reliance on *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), in which the Court held that a claim of privilege, if valid, could be made as to specific items of information requested on an income tax return. *Garner* dealt with a nontax prosecution for violation of federal gambling laws. The government sought to introduce the defendant's income tax return on which he listed his occupation as a gambler. Irwin misreads *Garner* to stand for the proposition that no information need be supplied on a tax return. A valid claim of privilege must be based upon a real possibility that submitting answers will subject the taxpayer to criminal prosecution. Irwin has made no showing which would approach justifying his claim of privilege in not supplying any information upon which the IRS can determine his tax liability.

■ The requirement that an income tax return be filed does not violate the Fifth Amendment because the information is requested in a non-accusatorial setting. *Pauldino v. United States,* 500 F.2d 1369 (10th Cir. 1974); *United States v. Smith,* 484 F.2d 8 (10th Cir. 1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874. It is possible that a valid claim of privilege could be asserted as to specific items of information requested. *Garner v. United States, supra.* If such claim were valid, the taxpayer could not be prosecuted for violating 26 U.S.C. § 7203. However, it is well established that the Fifth Amendment cannot be stretched so far as to absolve a taxpayer's duty to file a return. *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). Irwin's return, containing no information upon which his tax liability could be determined, constituted no return at all. *United States v. Porth,* 426 F.2d 519 (10th Cir. 1970), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53. We find no merit in the contention that the present prosecution violates Irwin's privilege against self-incrimination. *California v. Byers,* 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971); *United States v. Sullivan, supra; United States v. MacLeod,* 436 F.2d 947 (8th Cir. 1971), *cert. denied,* 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647; *United States v. Porth, supra.*

Irwin's final contentions concern comments made by the trial judge in ruling on evidence. We have examined his contentions, and we find them to be without merit.

AFFIRMED.