UNITED STATES of America, and Frank Camp, Special Agent of the Internal Revenue Service, Appellees,

v.

John L. COTTON, Appellant.

No. 77–2042.

United States Court of Appeals, Tenth Circuit.

Dec. 23, 1977.

Lawrence A. Bobbitt, III, Asst. U. S. Atty. (Charles E. Graves, U. S. Atty. and Toshiro Suyematsu, Asst. U. S. Atty., Cheyenne, Wyo., with him on the brief), for appellees.

John L. Cotton, pro se.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

PER CURIAM.

Appellant-respondent Cotton is a tax protestor who refused to comply with a court order enforcing an Internal Revenue Service Summons. Jurisdiction lies under 26 U.S.C. §§ 7402(b) and 7604(a). Appellant was found in civil contempt and sentenced to a 40-day jail term with provision that he could purge himself of the contempt by obedience to the summons. We have expedited the appeal, reviewed the complete record, and considered the brief and oral argument of respondent who appeared pro se.

The facts are substantially the same as those considered in *United States v. Carroll*, 10 Cir., 567 F.2d 958, opinion filed this day. Our discussion in *Carroll* of the claims of rights and privileges under the federal Constitution applies here and need not be repeated. It suffices to say that respondent has been denied no constitutional right or privilege. Our *Carroll* opinion is also dispositive of all other issues raised by respondent except two.

Respondent claims that production of the required records would violate the marital privilege which precludes one spouse from becoming an adverse witness against the other. *Hawkins v. United States*, 358 U.S. 74, 75, 79 S.Ct. 136, 3 L.Ed.2d 125. The wife did not raise the issue of privilege. There is no showing that any of the records were a communication between husband and wife or were confidential as between them within the protection of the marital privilege. *United States v. Ashby*, 5 Cir., 245 F.2d 684, 686. We have held that the production of the records, in the circumstances presented, violated no constitutional rights of the husband. By the same reasoning the wife could not claim self-incrimination. See *In re Grand Jury Proceedings Susan Rovner, Witness*, E.D.Pa., 377 F.Supp. 954, 955; affirmed, 3 Cir., 500 F.2d 1400, cert. denied 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 802. The claim of marital privilege has no validity.

Respondent sought to disqualify Judge Brimmer and complains of Judge Brimmer's actions at the trial. Respondent made no effort to comply with the provisions of 28 U.S.C. §§ 144 and 455 pertaining to the disqualification of a judge. The record shows that Judge Brimmer conducted all hearings of the matter with fairness, impartiality, patience, and restraint.

Affirmed.