Philemon Ray CRIDER, Pro
Se, Petitioner,

v.

T. M. KEOHANE et al., Respondents.

Civ. No. 79-224-D.

United States District Court,
W. D. Oklahoma.

March 23, 1979.

Philemon Ray Crider, pro se.

Larry D. Patton, U. S. Atty. by S. Paul Richards, Asst. U. S. Atty., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for a writ of habeas corpus by the abovenamed Petitioner, a federal prisoner at the Federal Correctional Institution, El Reno, Oklahoma, in the Western Judicial District of Oklahoma. Petitioner, appearing in this action pro se, attacks the administration of sentences imposed on him by federal and state authorities.

Petitioner has filed herein a "Motion of Prejudice" wherein he moves the Court to reassign this case to a judge other than either the undersigned or Judge Ralph G. Thompson of this Court. Petitioner states that he has had previous actions come before the aforementioned judges and that these actions have either been resolved against him or are still pending. He asserts that it is "highly possible" that those judges have formed a biased opinion against him and "may be influenced prejudicially" in this action.

Although Petitioner has not cited any statutory or case authority which would compel reassignment of this case, the Court will consider his motion within the framework of the two relevant federal statutes: 28 U.S.C. § 144, governing reassignment of cases due to bias or prejudice of a district court judge, and 28 U.S.C. § 455, governing the disqualification of judges.

§ 144 establishes a specific procedure by which a litigant may challenge the impartiality of a district court judge prior to or during a trial. It provides:

*Bias or prejudice of judge*

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

In the instant case Petitioner has not filed the affidavit which is required by the express terms of § 144. The absence of this document is a significant defect in a motion to disqualify a judge. *Simonson v. General Motors Corp.,* 425 F.Supp. 574, 578 (E.D.Pa. 1976). Several courts have determined that such procedural defects in themselves are ordinarily sufficient to defeat a motion for disqualification. *See United States v. Azhocar,* 581 F.2d 735, 738 (Ninth Cir. 1978); *Walters v. United States,* 404 F.Supp. 996, 998 (S.D.N.Y.1975), aff'd, 542 F.2d 1166 (Second Cir. 1976); *Harley v. Oliver,* 400 F.Supp. 105, 110 (W.D.Ark. 1975); *United States v. Clark,* 398 F.Supp. 341, 362 (E.D.Pa.1975), aff'd, 532 F.2d 748 (Third Cir. 1976).

In the absence of the requisite affidavit, other courts on occasion have held that an assigned judge may recuse himself and have the case reassigned, solely as a matter of discretion. *See, e. g., Smith v.*

*State of North Carolina*, 528 F.2d 807, 810 (Fourth Cir. 1975). In the instant case, even if the Court in its discretion considers Petitioner's motion, the same does not set forth a sufficient basis for recusal under § 144. The fact that a judge has previously rendered a decision against a party is not sufficient to show bias or prejudice. *United States v. Irwin*, 561 F.2d 198, 200 (Tenth Cir. 1977), *cert. denied*, 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978); *United States v. Goeltz*, 513 F.2d 193, 198 (Tenth Cir. 1975), *cert. denied*, 423 U.S. 830, 96 S.Ct. 51, 46 L.Ed.2d 48 (1975); *Knoll v. Socony Mobil Oil Co.*, 369 F.2d 425, 429–30 (Tenth Cir. 1966), *cert. denied*, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967).

§ 455 provides in pertinent part:

*Disqualification of justice, judge, magistrate, or referee in bankruptcy*

(a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

§ 455, the statutory standard for disqualification of a judge, is self-enforcing on the part of the judge. It may also be asserted by a party to the action by means of a motion in the trial court. *Parrish v. Board of Commissioners*, 524 F.2d 98, 102, n. 8 (Fifth Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *United States v. Conforte*, 457 F.Supp. 641, 651 (D.Nev.1978).

§ 455(a) is general in nature and does not rest on the personal bias and prejudice structure of either § 144 or § 455(b)(1). *Parrish v. Board of Commissioners, supra*, 524 F.2d at 103. It is broader than § 144, disqualification being warranted not only where there is actual bias or prejudice, but where the impartiality of a judge might reasonably be questioned. *United States v. Ritter*, 540 F.2d 459, 462

(Tenth Cir. 1976), *cert. denied*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976). The standard under § 455(a) is whether a reasonable person would infer that a trial judge's impartiality might reasonably be questioned. *Parrish v. Board of Commissioners, supra*, 524 F.2d at 103; *United States v. Baker*, 441 F.Supp. 612, 617 (M.D. Tenn.1977). Among the determinations that must be made is whether there exists "a reasonable likelihood that the case will be tried with the impartiality that litigants have a right to expect in a United States district court." *United States v. Ritter, supra*, 540 F.2d at 464.

However, the mere fact that a judge has ruled adversely to a party in the past does not mandate a finding that he is not impartial:

If the words 'impartiality might reasonably be questioned' and 'avoid impropriety and the appearance of impropriety' were to be interpreted to encompass judicial rulings in the course of a trial or other proceedings . . . then there would be almost no limit to disqualification motions and the way would be opened to a return to 'judge shopping', a practice which has been for the most part universally condemned.

*United States v. Baker, supra*, 411 F.Supp. at 617–18, quoting *Lazofsky v. Sommerset Bus Co.*, 389 F.Supp. 1041, 1044 (E.D.N.Y. 1975). § 455(a) does not "amount to a grant of automatic veto power in order that counsel might choose a judge who meets with their approval." *Samuel v. University of Pittsburgh*, 395 F.Supp. 1275, 1277 (W.D. Pa.1975), *vacated on other grounds*, 538 F.2d 991 (Third Cir. 1976).

§ 455(b)(1) is substantially similar to § 144. The standard under § 455(b)(1) is similar to the standard under § 144: whether a reasonable person would conclude that a judge is biased or prejudiced against a particular defendant. Moreover, the bias or prejudice must be personal which generally requires that such be established by matters outside and apart from litigation. This Petitioner has not done. *Davis v. Board of*

School Commissioners, 517 F.2d 1044, 1052 (Fifth Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). As the Court has noted above, Petitioner has not shown the Court any reason to require recusal under this standard. Nor has Petitioner shown either judge to have personal knowledge of disputed facts involved herein.

■ Upon examination of Petitioner's Motion of Prejudice, the Court concludes that the allegations contained therein reflect a discontented litigant who seeks to oust judges because he is displeased with the actions of those judges in prior proceedings. This is not the purpose of §§ 144 and 455. See Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913).

Accordingly, the Court finds that Petitioner has not shown the Court any reason to require recusal under 28 U.S.C. § 144 and there is no reason for the Court to recuse itself under either 28 U.S.C. § 455(a) or (b)(1). Petitioner's motion to reassign this case to another judge is therefore overruled.