CENTURY CASUALTY COMPANY,
Plaintiff-Appellant,

v.

SECURITY MUTUAL CASUALTY COM-
PANY, Avemco Insurance Company,
Avemco Aircraft Investment Corpora-
tion, George A. Kirshbaum, Jerald P.
Peel, Charles M. Stange, Avemco Corpo-
ration, Anderson Aviation Sales Compa-
ny, Inc., and Virginia Hash, Defendants-
Appellees.

No. 78–1022.

United States Court of Appeals,
Tenth Circuit.

Submitted Sept. 10, 1979.

Decided Oct. 9, 1979.

Michael F. Scott, Denver, Colo., for plain-
tiff-appellant.

John E. Clough of White & Steele, P. C.,
Denver, Colo., and A. Denison Weaver, Chi-
cago, Ill., for defendant-appellee Security
Mut. Cas. Co.

Robert E. Benson and James E. Hartley,
Denver, Colo., for defendants-appellees
Avemco Corp., Avemco Aircraft Investment
Corp. and Avemco Ins. Co.

Kenneth C. Groves, Denver, Colo., for
defendants-appellees George A. Kirshbaum,
Jerald P. Peel and Charles M. Stange.

Douglas E. Bragg of Bragg & Dubofsky,
P. C., Denver, Colo., for defendants-appel-
lees Anderson Aviation Sales Co., Inc. and
Virginia Hash.

Before BARRETT and McKAY, Circuit
Judges, and BRIMMER, District Judge.*

McKAY, Circuit Judge.

This case has a long judicial history in-
cluding a previous reversal in this court, *see*
*Security Mutual Casualty Co. v. Century*
*Casualty Co.*, 531 F.2d 974 (10th Cir.), *cert.*
*denied*, 429 U.S. 860, 97 S.Ct. 161, 50
L.Ed.2d 137 (1976), and a petition for man-
damus to compel the trial court to comply
with the mandate in that action. *Century*
*Casualty Co. v. United States District*
*Court*, No. 76–1707 (10th Cir. Jan. 14, 1977).
When the petition for mandamus was
brought to this court, the attorneys for the
defendant real party in interest, Security
Mutual, filed a response to the petition for
mandamus which nominally was directed to
the trial judge. After the issuance of our
writ of mandamus, Century sought to dis-
qualify the trial judge because of his "rep-
resentation" by the attorneys for Security.
Record, vol. 3, at 573–76. Plaintiff appeals
from the trial court's refusal to disqualify
himself.

We find only one case which specifically
deals with the issue of whether the filing of
responses to writs of mandamus by counsel
representing real parties in interest so bias-
es the court to which the petition is directed
that recusal is necessary. *See United*
*States v. Haldeman*, 181 U.S.App.D.C. 254,
559 F.2d 31 (D.C.Cir.1976), *cert. denied*, 431
U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250,

---

* Of the United States District Court for the District of Wyoming, sitting by designation.

*rehearing denied sub nom. Mitchell v. United States,* 433 U.S. 916, 97 S.Ct. 2992, 53 L.Ed.2d 1103 (1977). In *Haldeman* the circuit court was asked to decide, *inter alia,* whether Judge Sirica should recuse himself due to the fact that several attorneys involved in the litigation had opposed petitions for writs of mandamus and prohibition directed toward Judge Sirica at one time or another. The court affirmed the trial judge's refusal to recuse himself. Although that decision relied on 28 U.S.C. § 455 as it stood prior to its 1974 amendment, the logic and analysis still apply to similar facts under the amended statute. The court premised its decision on the fact that, when petitions for writs of mandamus and prohibition are directed at the intrinsic merits of district court acts, the district judges are only nominal parties "with no real interest in the outcome." *United States v. Haldeman,* 181 U.S.App.D.C. at 361, 559 F.2d at 138. *See also United States v. King,* 157 U.S.App.D.C. 179, 183, 482 F.2d 768, 772 (D.C.Cir.1973). Thus the court concluded that, because his involvement is only nominal, the district judge's impartiality is not subject to attack merely because counsel for a real party in interest files a routine response in his name.

While the trial court denied the petition for disqualification on the ground that it was not timely filed, we rest our decision on the same ground as the *Haldeman* court. The mere fact that counsel for the real party in interest responds to a petition for a writ of mandamus directed to the trial judge is not of itself enough to show bias requiring his disqualification.

Plaintiff also challenges the dismissal of its complaint, the refusal to allow it to file a third amended complaint, and the refusal on grounds of mootness to lift a stay of discovery.

Summarized, these are the relevant facts. The plaintiff is in the business of writing aviation risk insurance. The gist of its initial complaint was that the defendants were "engaged in a continuing conspiracy . . . to restrain trade or commerce in aviation insurance . . . by the complete destruction and elimination of Century by the competitor." Record, vol. 1, at 4. The gravamen of plaintiff's antitrust allegations is that the defendants engaged the plaintiff in numerous unnecessary and unwarranted ("sham") legal proceedings which had the effect of weakening the plaintiff as a competitor.

Defendants filed many objections to plaintiff's discovery efforts, stating that they could not comply with plaintiff's discovery requests without knowing the specific contentions and facts of the plaintiff's case. The court, trying to resolve the discovery disputes, filed an order directing plaintiff to file a more definite statement by way of an amended complaint.

Plaintiff filed its amended complaint setting forth its original antitrust claims and adding three additional causes of action. In response to the plaintiff's amended complaint, defendants variously filed motions to strike and motions to dismiss. The court held a pretrial conference, at which it granted the motions to strike the second, third and fourth additional causes of action, and ordered the plaintiff to file a second amended complaint alleging the factual basis of its cause of action with specificity as to each defendant. The court also stayed discovery at that point. In addition, the plaintiff was also directed to file a brief in support of the viability of the lawsuit together with memorandum of authorities. The plaintiff filed its second amended complaint on August 15, 1977. On August 17, 1977, the plaintiff filed a motion for leave to file a third amended and supplemental complaint which was attached to the motion. On December 5, 1977, the court dismissed the second amended complaint for failure to state a claim upon which relief may be granted, denied the motion to amend and refused to lift the stay of discovery. Plaintiff appeals these three orders, which we affirm for the reasons given by the trial court in its memorandum decision.

AFFIRMED.