Herrick K. LIDSTONE, Marcia D. Lidstone, and Mary Mattern, Plaintiffs-Appellants,

Joseph B. Mattern, Plaintiff,

v.

John R. BLOCK, in his official capacity of Secretary of Agriculture; R. Max Peterson, in his official capacity of Chief, U.S. Forest Service, U.S. Department of Agriculture; Craig W. Rupp, in his official capacity as Regional Forester for Rocky Mountain Region of U.S. Forest Service; Donald L. Rollens, in his official capacity as Forest Supervisor for Medicine Bow National Forest, U.S. Forest Service, U.S. Department of Agriculture; William T. Clark, in his official capacity of Secretary of Interior; and City of Cheyenne Board of Public Utilities, Defendants-Appellees.

No. 84–1817.

United States Court of Appeals, Tenth Circuit.

Sept. 30, 1985.

Herrick K. Lidstone (Nancy A. Jewell, with him on brief), Denver, Colo., for plaintiffs-appellants.

John A. Bryson, Atty., Dept. of Justice, Washington, D.C. (F. Henry Habicht, II, Asst. Atty. Gen., Dept. of Justice, Wash-

ington, D.C., Richard A. Stacy, U.S. Atty., Cheyenne, Wyo., and Jacques B. Gelin, Atty., Dept. of Justice, Washington, D.C., with him on brief), for Federal defendants-appellees.

Carl L. Lathrop of Lathrop & Uchner, P.C. (Nicholas G. Kalokathis, with him on brief), Cheyenne, Wyo., for defendant-appellee City of Cheyenne Bd. of Public Utilities.

Before HOLLOWAY, Chief Judge, SETH, Circuit Judge, and ANDERSON, District Judge *

SETH, Circuit Judge.

The plaintiffs commenced this action to challenge the granting of a right of way by the Forest Service to the City of Cheyenne over a part of the Medicine Bow National Forest. The right of way was to construct and maintain facilities to bring water to the City. It was a part of the City's project started as Stage I in 1976 to bring water from the tributaries of the Little Snake River on the western slope into the North Platte River. This water would then replace water taken by the City from the North Platte. The Stage I facilities had been constructed for the diversion and transportation of the water on rights of way over the forest as theretofore granted by the Forest Service.

The City by a continuation—Stage II—of the project sought to increase the amount of water to be diverted from the Little Snake River and taken to the North Platte. This involved more diversion facilities, additional pipelines and an enlargement of storage facilities. Part of this enlargement necessitated an application for a right of way over the Medicine Bow Forest. This right of way was granted and this action was challenged by this suit.

An environmental impact statement was prepared under 42 U.S.C. § 4332. This was revised, and the Regional Forester issued the Final Environmental Impact State-

ment with his decision granting the easement under 43 U.S.C. §§ 1761–71. It was a right of way subject to a number of very restrictive conditions as to environmental matters. The final statement contained alternatives and five of these were designated for detailed study. This was done and the record demonstrates that a detailed study was made. The reports contain comprehensive discussions of all the possibilities individually and collectively.

The City found it necessary during the time the application was pending to defer part of Stage II. The increase in the quantity of water from the Stage I level was thereby reduced from that originally proposed. This resulted in a reduction in the size of some of the facilities. The Regional Forester considered this change and found no different impact on the environmental considerations resulted therefrom.

The challenge by the plaintiffs named the several federal officials responsible for taking action under the statutes and also named the City. The complaint is based on the Endangered Species Act (this claim has been dropped), NEPA, the Upper Colorado River Basin Compact, the decree in *Nebraska v. Wyoming,* and the Federal Land Policy and Management Act (FLPMA) (43 U.S.C. § 1761).

The trial court dismissed all claims based on the *Nebraska v. Wyoming* decree, the Compact (except some NEPA aspects) and the Endangered Species Act. We agree with the order of dismissal.

■ Many of the arguments of plaintiffs at trial and asserted errors in the granting of the right of way are arguments directed to the legality of the water rights of the City and whether diversions could be made. For example, plaintiffs assert the diversions from the North Platte, when the water reaches that point, violate the decree in *Nebraska v. Wyoming.* Also, they argue that diversions from the Little Snake River violate the Upper Colorado River Compact.

* Honorable Aldon J. Anderson, United States District Judge for the District of Utah, sitting by designation.

These are not issues which had to be considered by the Regional Forester. The right of way for a part of Stage II was granted implicitly and explicitly without a determination of the water rights or authority or need to divert water. Plaintiffs thus advance as issues their views on water right issues which cannot be and were not determined by the Forest Service.

As to the challenge under the Compact we again agree with the trial court that the right of way grant had nothing to do with the question as to whether Wyoming could move the water out of the Snake River Basin. The Regional Forester had no authority to make such a determination, and explicitly recited that he did not do so. The plaintiffs assert no injury to them has resulted.

A similar conclusion must be reached as to the assertions that the action violates *Nebraska v. Wyoming* as to the withdrawal of water from the North Platte. The plaintiffs have alleged no injury to them from such action, and have demonstrated no interest to support a claim of standing, and it was not an issue for the Forest Service.

The trial court granted defendants' motion for summary judgment on the remaining issues which concerned NEPA and the Federal Land Policy Act. The plaintiffs asserted deficiencies in the final statement and its evaluation by the Regional Forester.

■ The record demonstrates that the final statement developed and discussed the details of at least five alternatives. The Forester, as mentioned, discussed them at length. The scope of judicial review of the final statement is described in *Environmental Defense Fund, Inc. v. Andrus*, 619 F.2d 1368 (10th Cir.); *Save our Invaluable Land (SOIL), Inc. v. Needham*, 542 F.2d 539 (10th Cir.); and *National Helium Corporation v. Morton*, 486 F.2d 995 (10th Cir.). The trial court acted within the prescribed scope of review. The environmental consequences have thus been examined carefully and the agency has made its choice of action. *Kleppe v. Sierra Club*, 427 U.S. 390, 96 S.Ct. 2718, 49 L.Ed.2d 576. All feasible, reasonable alternatives were presented and discussed. The suggestion of alternatives is within the discretion of the agency subject to the standard review. It is not necessary to include every possible alternative. We said in *Environmental Defense Fund, Inc. v. Andrus*, 619 F.2d 1368 (10th Cir.), the "environmental effects of all alternatives need not be exhausted." Again, the presentation of alternatives is within agency discretion originally and is refined and adjusted if necessary during the discussions, evaluations and hearings.

■ There is no showing that the action by the agency was arbitrary, capricious, or an abuse of discretion. *Sabin v. Butz*, 515 F.2d 1061 (10th Cir.).

We find nothing in *Parker v. United States*, 448 F.2d 793 (10th Cir.), contrary to the action herein taken by the trial court as appellants urge. *Parker* was a statutory construction case as the opinion makes very clear and no factual comparison can be made.

■ The appellants sought to disqualify the trial judge on the ground that he made a $25 contribution before this suit was filed to the group in Cheyenne seeking to inform the public about a bond issue proposed for the expansion of the City's water system. We have carefully examined the facts and the arguments on the recusal issue and must conclude that the plaintiffs have not met their burden to show that the circumstances meet the standard set forth in *United States v. Irwin*, 561 F.2d 198 (10th Cir.) (a 28 U.S.C. § 144 case), in part, as follows:

"The bias charged must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case."

For the trial court this case concerned the actions and reports prepared by the federal defendants and to determine under the limited standards of review whether their actions met the federal standards or were

arbitrary or capricious. No personal bias against the plaintiffs nor for or against the federal officials was advanced. We must conclude that there is no merit to the proposition advanced by plaintiffs that the trial judge should have recused himself.

AFFIRMED.