**Rainsford J. WINSLOW, Plaintiff,**

v.

**Ronald L. LEHR, Edythe S. Miller, Andra Schmidt, 1 through 200 are designated as John/Jane Does, yet unknown, Defendants.**

**Civ. A. No. 86–K–1202.**

United States District Court,
D. Colorado.

Aug. 8, 1986.

See also, D.C., 646 F.Supp. 242.

---

Rainsford J. Winslow, Fort Morgan, Colo., pro se.

Valerie J. McNevin-Peterson, Asst. Atty. Gen., Denver, Colo., for defendants.

## FINDINGS AND ORDER REGARDING MOTION TO RECUSE

KANE, District Judge.

The plaintiff in this action has moved to disqualify me on the grounds that he fears me. He attempts to adopt by reference "everything he has put into the record in Case No. 85–HB–1979" ... a case over which I have absolutely no control. His affidavit in the instant case states no facts. It again attempts to adopt by reference "everything that is specifically mentioned in the MOTION FOR SUMMARY JUDGMENT and AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT."

The affidavit is set forth in eleven separately numbered paragraphs. Paragraphs one through eight inclusive relate solely to decisions made by me in some of the numerous cases filed by plaintiff in this court. Paragraph nine contains a summary conclusion that, because of the rulings made, the plaintiff believes that I "detest" him and am partial to an opposing attorney and his clients. Paragraphs ten and eleven contain assertions of the plaintiff filing his case and affidavit in good faith and that the plaintiff "does not want to be subjected to his authority again."

In other pleadings the plaintiff has expressed perplexity at my refusal to recuse or grant a motion to disqualify. Though I sincerely doubt that a detailed explication of the law on recusal and disqualification will satisfy the plaintiff, I will nevertheless make one so as to reflect the grounds for my decision.

First, the filing of an affidavit of prejudice does not operate automatically to disqualify a judge. The judge must examine the affidavit to determine whether it is sufficient as a matter of law. The test is whether the facts alleged are legally sufficient to require disqualification. The only test is sufficiency.

Second, while there has been a great deal of discussion and adoption of changes in the recommended rules for judges to apply in instances such as this, the law as enunciated by the Supreme Court of the United States remains clear and unequivocal that a judge is under an affirmative ethical duty to sit when there is no legally sufficient reason to recuse. It is not my station to question the wisdom of a rule stated by our highest court, nor would I in this instance because the devastating effects of a contrary rule should be obvious even to the most myopic of readers.

In 1924, the American Bar Association adopted canons of judicial ethics. Since these canons established only general standards for proper judicial conduct, the ABA replaced them in 1972 with the Code of Judicial Conduct. The code was more detailed and specific with respect to setting standards of conduct. Note, *Judicial Disqualification in the Federal Courts:*

*Maintaining an Appearance of Justice under 28 U.S.C. § 455,* 1978 Law Forum 863, 867. "The most notable feature of the new Code was its incorporation of an objective "appearance of justice" standard for judicial disqualification, under which a judge was to recuse himself whenever his 'impartiality might reasonably be questioned.'" *Id.* The ABA Code of Judicial Conduct provides in pertinent part:

Canon 3 C: Disqualification:

(1) A judge shall disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(c) he knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding;   ...

This new standard was contrary to the provisions for disqualification in the federal statute which was still in effect when the new code was adopted. The federal statute, at that time, provided for disqualification only where a judge had "a substantial interest, had been of counsel, had been a material witness, or was connected to a party or attorney in a case so as to render it improper 'in his opinion' to sit." 1978 Law Forum 863, 867–868.

In 1974, Congress amended section 455 to be consistent with the provisions of Canon 3 C of the Code. Today section 455 provides in pertinent part:

Disqualification of justice, judge, or magistrate:

(a). Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b). He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding ...

By revising the statute, Congress intended to set forth an "objective standard" for disqualification. H.R.Rep. No. 93–1453, 93d Cong., 2d Sess. 5 (1974), U.S.Code Cong. & Admin.News 1974, pp. 6351, 6355. The objective standard was intended to modify the "duty to sit" so that judges could recuse when the question whether to hear the case was close. Congress intended to harmonize the statute and the Code of Judicial Conduct in order to make the "duty to sit" a weaker consideration with respect to disqualification under § 455 in close cases.

■ Similarly under § 144, if the statutory requirements are met, i.e.: the motion is timely, and the affidavit is sufficient, a judge must recuse or disqualify himself and has no duty to sit. 28 U.S.C. § 144; *Antonello v. Wunsch*, 500 F.2d 1260, 1262 (10th Cir.1974); *United States v. Bray*, 546 F.2d 851, 857 (10th Cir.1976). In essence, the most favorable policy consideration is to provide a fair tribunal which is a basic requirement of due process. *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). The system is designed to prevent even the probability of unfairness, although such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. *Id.* The law favors recusal in situations where fair adjudication is reasonably questioned upon factual bases.

■ Section 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Thus, if a party makes a motion supported by an affidavit, and the affidavit is sufficient, regardless of the truth of the statements contained therein, the judge must disqualify himself. *Berger v. United States*, 255 U.S. 22, 33–34, 41 S.Ct. 230, 233, 65 L.Ed. 481 (1921); *Bell v. Chandler*, 569 F.2d 556 (10th Cir.1978); *Antonello v. Wunsch*, 500 F.2d 1260, 1262 (10th Cir. 1974). Motions made under § 144 are resolved by the method and procedure set forth in the statute. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir.1976).

■ In an affidavit of bias, the affiant has the burden of showing three things in order for the affidavit to be deemed sufficient to require disqualification; 1) the facts must be material and stated with particularity; 2) the facts must be such that, if true they would convince a reasonable man that bias exists; 3) the facts must show the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527 (3d Cir.1973). The prejudice or bias alleged in the affidavit must be a result of an extra-judicial source, and must create an opinion concerning the case, on the merits, based on ele-

ments other than what the judge was able to gather through his participation in the case. *United States v. Grinnel Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *United States v. Ritter*, 540 F.2d 459 (10th Cir.1976), *cert. denied*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976); *United States v. Gigax*, 605 F.2d 507 (10th Cir.1979). The judge must determine the sufficiency of the affidavit according to the factors set out above. He has no authority to weigh or test the truth of the allegations. *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir.1976); *Ritter*, 540 F.2d 459. If the facts alleged are sufficient, the judge must recuse.

■■■ An affidavit is deemed insufficient when it lacks facts showing a personal bias or prejudice, and contains only insufficient conclusions. *Knoll v. Socony Mobil Oil Co.*, 369 F.2d 425, 430 (10th Cir.1966), *cert. denied*, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967). Also, the fact that a judge has previously rendered a decision against a party is not sufficient to show bias or prejudice. *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir.1977); *Knoll*, 369 F.2d 425, 429–430; *Crider v. Keohane*, 484 F.Supp. 13, 15 (Okla.1979). If the affidavit is sufficient, however, the judge must recuse. Disqualification is warranted only when there is actual bias or prejudice or where the impartiality of a judge might *reasonably* be questioned. *Ritter*, 540 F.2d 459, 462.

Although these are the requirements for disqualification under § 144, disqualification is not obtained as often as one might believe; because, the procedural requirements are strictly construed. Good cause for filing untimely motions is strictly interpreted. Also, often times a party cannot allege enough facts or the required specificity to allege a showing of actual bias, thus failing to meet the requirement of sufficiency. Consequently the amended version of § 455 is the easier method under which to disqualify a judge. Unlike § 144, where recusal or disqualification is required only where the bias alleged is actual or apparent, under § 455 when the circum-

stances are such that the judge's "impartiality might reasonably be questioned" recusal or disqualification is proper. *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir.1979). No supporting affidavit is required and one need not allege facts which would establish actual bias. This section was intended to be self-enforcing on the part of the judge, but may also be asserted by a party by motion in the trial court. *Id.*

I have attached as Appendix I to this memorandum a list of Tenth Circuit cases dealing with recusal and disqualification since 1953. Not appearing on the list is the most recent and yet to be published opinion of the Tenth Circuit on the subject. *Franks v. Nimmo, et al.*, 796 F.2d 1230 (10th Cir.1986). In *Franks* the motion to disqualify was denied on the grounds of timeliness. On appeal the Tenth Circuit upheld the refusal to recuse on substantive grounds as well. The court held that a trial judge's attempts to encourage settlement did not give rise to an objective appearance of bias. Quoting *United States v. Hines*, 696 F.2d 722, 729 (10th Cir.1982) the court said, "[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestions of personal bias or prejudice."

■■ In the instant case, the motion to disqualify fails in each of the required elements. The facts are not material nor stated with particularity. The facts are not such that, if true, would convince a reasonable man that bias exists. The facts fail to show personal bias as opposed to adverse judicial rulings. There is no prejudice or bias alleged in the affidavit as the result of an extra-judicial source. There is no indication that any opinion of mine is based upon anything other than the merits of plaintiff's cases nor upon what I have gathered through participations as a judge in these cases. Under both 28 U.S.C. § 144 and § 455 disqualification and recusal are inappropriate. Neither a litigant's suing or threatening to sue a judge nor the judge's prior adverse rulings is sufficient to show prejudice or warrant recusal. *United*

*States v. Grismore,* 564 F.2d 929 (10th Cir.1977); *United States v. Irwin,* 561 F.2d 198 (10th Cir.1977).

In his earlier moving papers and in his Response to Answer Brief filed August 4, 1986 the plaintiff has complained of his being denied "a judge draw." That is to say, under the Local Rules of Practice of this court, the stated policy is to provide for random selection of judges "insofar as practicable and efficient." Local Rule 200. Paragraph 2 of that rule provides that if a case is related to a pending case or one terminated within the previous twelve months, the judge assigned to the earlier case or cases shall determine whether the relationship exists. If it does, the case is assigned to that judge and is not made a part of the public drawing. Before the January 1, 1984 revision of the Local Rules of Practice all cases filed by a *pro se* plaintiff were deemed to be related to one another. That provision was deleted in order to provide flexibility for the judge charged with making the determination of relationship *vel non.*

In each case filed by this plaintiff, the relationship to other cases filed by him is apparent. Though arising out of a dispute with the County Commissioners of Morgan County, Colorado the majority of defendants named by the plaintiff have been judges, public officials and attorneys. The plaintiff, at one time or another, has sued state district judges, the members of the Colorado Court of Appeals, the Supreme Court of Colorado and the judges of this federal district court. One United States District Judge recused herself. The pleadings in the various cases generally refer to pleadings in the other cases. To hold that these cases are unrelated would be to abandon reason for the sake of personal relief and convenience. Such is not the office of judge. Thus, the order removing this plaintiff's cases from the public drawing shall stand.

The motion to disqualify is denied.

## APPENDIX I

*Lidstone v. Block,* 773 F.2d 1135 (10th Cir. 1985).

Refusal to recuse upheld.

Plaintiffs sought to disqualify the judge, pursuant to § 144, on the basis that he made a $25 contribution before this suit was filed to the group in Cheyenne seeking to inform the public about a bond issue proposed for the expansion of the city's water system (an element of the suit).

*Held:* Facts alleged are insufficient because no bias of a personal nature was alleged.

*Varela v. Jones,* 746 F.2d 1413 (10th Cir. 1984).

Refusal to recuse upheld.

Motion pursuant to §§ 144, 455(a), basis for alleged prejudice is that a former law clerk of the judge and one of the defendant's trial counsel handled the probate of the estate of the judge's deceased mother during discovery in the case at hand.

*Held:* Judge did not abuse his discretion, he complied with the Judicial Code of Conduct, Canon 3 C. This is a case where the judge's partiality might not reasonably be questioned.

*Singer v. Wadman,* 745 F.2d 606 (10th Cir.1984).

Refusal to recuse upheld.

It was insufficient to allege that the judge was a Mormon and that he was a former law partner with defense counsel; motion was also untimely.

*Hopkins v. Laramie County, Wyo.,* 730 F.2d 603 (10th Cir.1984).

Refusal to recuse upheld.

Defendant moved to disqualify judge because he received a letter from defense counsel to plaintiff's counsel. Motion did not comply with § 144 and does not come within § 455.

*United States v. Hines,* 696 F.2d 722 (10th Cir.1982).

Refusal to recuse upheld.

Motion made pursuant to §§ 455(a), (b)(1) on basis of bias and prejudice. Defendant alleges bias due to a 3d person overhearing

the judge state he was "going to see to it that [Mr. Hines] gets put away", at a restaurant while having dinner. Trial court denied motion upon its finding that the motion was untimely and not accompanied by a proper certificate of counsel. Trial court also held that the judge did not have actual personal bias or prejudice and, under the circumstances, a reasonable man would not question the impartiality of the judge. *Held:* It was error to deny the motion on the ground that it was procedurally defective for want of proper certificate (§ 455 does not have the same procedural requirements as § 144); judge denied that he had actual bias or prejudice, and there exists nothing in the record to indicate otherwise. Affidavit does not state who heard the statement, nor has defendant indicated to his attorney his source. Recusal not required.

*In re New Mexico Natural Gas Antitrust Litigation,* 620 F.2d 794 (10th Cir.1980). Recusal reversed

Motion pursuant to § 455(b)(4) (financial interest).

Suit involves antitrust claims of various parties (ie: class of residential consumers in a region of New Mexico) against certain oil companies and individuals for conspiring to fix the wellhead price of natural gas. The judge recused himself, stating that he could opt out as a class member but, nevertheless, he would still receive the benefit of reduced natural gas prices.

*Held:* This interest is too small to be deemed a financial interest. Do not believe that Congress intended disqualification in all cases where the judge might benefit as a member of the general public.

*Ramey Construction Co. v. Apache Tribe of Mescalero Reservation,* 616 F.2d 464 (10th Cir.1980).

Disqualification not warranted.

While the case is on appeal for other reasons, and must be remanded, plaintiff urges that the case be remanded to another judge. Plaintiff alleges judicial bias, inadequacy, and incomprehension due to the remarks of the judge.

*Held:* Do not see any action by judge to be irresponsible—disqualification not warranted.

*Century Casualty Co. v. Security Mutual Casualty Co.,* 606 F.2d 301 (10th Cir.1979).

Refusal to recuse upheld.

Plaintiff attempts to disqualify the judge because of his "representation" by the attorneys for Security.

*Held:* The mere fact that counsel for the real party in interest responds to a petition of mandamus directed to the trial judge is not of itself enough to show bias requiring his disqualification.

*United States v. Gigax,* 605 F.2d 507 (10th Cir.1979).

Refusal to recuse upheld.

Gigax was involved in a tax protest and claims that the trial court was personally prejudiced against the tax protestors. See no actions on the part of the district judge which would indicate circumstances where his "impartiality might be reasonably questioned." On appeal, counsel has not pointed to any circumstances in the trial itself which indicate bias or even an appearance of bias. Gigax points to certain comments made by the judge during the sentencing hearing and the hearing on his application for bond on appeal.

*Held:* District judge conducted the trial proper in a fair and impartial manner. He did freely express his opinions at the hearings on imposition of sentence and the defendant's application for bail pending appeal. Those opinions, in and of themselves, did not require recusal.

*Bell v. Chandler,* 569 F.2d 556 (10th Cir. 1978).

Refusal to recuse reversed.

Motion filed pursuant to § 144 and § 455, based on alleged personal bias and prejudice against the former U.S. Attorney for W.D. Oklahoma and also against the United States. The motion was accompanied by the affidavit of William R. Burket. The affidavit stated that the judge has personal bias; facts supporting the allegation are:

that in the case of *Hall v. Burkett,* No. 74–30 Civil, the judge exhibited bias and prejudice against the United States and the defendants by his actions, rulings and orders, moreover that without just cause the court disbarred Burkett and five Assistant United States Attorneys, and at the same time instituted disciplinary proceedings against them. The judge denied the motion because the affidavit was insufficient.

*Held:* Under § 144, the court finds that a personal, in contrast to judicial, bias exists, and the facts alleged establish the lack of likelihood that the United States can obtain a fair and impartial trial. Further under the broad standard of § 455(a) and (b)(1), the judge must be disqualified.

*United States v. Cotton,* 567 F.2d 958 (10th Cir.1977).

Refusal to recuse upheld.

Respondent attempted to disqualify judge, but made no effort to comply with §§ 144 and 455.

*Held:* The record shows that the judge conducted all hearings of the matter with fairness, impartiality, patience and restraint.

*United States v. Grismore,* 564 F.2d 929 (10th Cir.1977)

Refusal to recuse upheld.

Defendant seeks disqualification of judge pursuant to §§ 144, 455.

*Held:* The judge is not disqualified merely because a litigant sues or threatens to sue him. The record fails to show any evidence of bias or prejudice.

*United States v. Irwin,* 561 F.2d 198 (10th Cir.1977).

Refusal to recuse upheld.

Motion pursuant to § 144, based on alleged prejudice as illustrated by prior adverse ruling.

*Held:* a prior decision against a party is insufficient to show prejudice.

*United States v. Bray,* 546 F.2d 851 (10th Cir.1976).

Refusal to recuse upheld.

Motion made pursuant to § 144, alleging that the judge conducted the trial atrociously. Bray's affidavit alleged that he had obtained 2,000 signatures of persons desiring the removal of the judge, that he had written an article calling for the impeachment of the judge, that he had a prior case dismissed by the judge, that he had written a protest telegram against the judge, and that he had filed a brief with the court accusing the judge of bribery, conspiracy, and the obstruction of justice. Bray argues that these actions prejudiced the judge against him.

*Held:* Affidavit is insufficient to disqualify the judge. Simply because the judge has previously expressed himself on a particular point of law does not demonstrate personal bias or prejudice; neither is the fact that the judge has made prior adverse rulings; further prior written attacks on the judge are insufficient to demonstrate bias or prejudice on the part of the judge. Bray also points to certain colloquies which took place out of the presence of the jury; although the court did not see this as a model of judicial restraint and decorum, it did not give rise to reversible error and deprive him of a fair trial.

*Kennedy v. Meacham,* 540 F.2d 1057 (10th Cir.1976).

Refusal to recuse upheld.

Motion pursuant to § 144 alleging that the judge displayed bias and prejudice against plaintiffs through actions in previous cases. Specifically, adverse rulings and delays or omissions in the filing and processing of previous cases. The trial court found that the allegations concerning adverse rulings and delays were insufficient to establish bias or prejudice.

*Held:* Plaintiff's affidavits are insufficient and do not point to any extra-judicial sources from which the alleged bias and prejudice arose.

*United States v. Ritter,* 540 F.2d 459 (10th Cir.1976).

Refusal to recuse reversed.

Motion pursuant to §§ 144, 455(a). It is alleged that the judge has actual bias

against the government and in favor of the defendants. The government asserts the fact that attorney Christensen, counsel for one of the defendants and president of the Utah Bar Association, presided over the Executive Committee and the Commission which considered six resolutions which were so-called anti-Judge Ritter. Two of these resolutions recommended impeachment and disability proceedings. These were rejected by the Commission. The government also asserts that Christensen delivered copies of the resolutions to Judge Ritter, thus alleging that Christensen's activity constituted advocacy on his part on behalf of Judge Ritter. Consequently, the government argues that Christensen was the attorney for the judge and also the attorney to a client in the present litigation —thus, a per se breach of ethics. Secondly, the government contends that in subsequent hearings the judge favored the position of the defendants and was caustic and curt toward the government counsel, and that he repeatedly prevented them from explaining their position, while at the same time he was deferential to Christensen. *Held:* On first contention: Christensen did not act as the judge's attorney, but rather acted in his capacity as president of the bar association. With respect to the second contention: the court sees it as true. This alone is insufficient to warrant recusal. However, in view of all the facts (including other cases tried by Judge Ritter, and prior questions of impartiality). Recusal is warranted under § 455(a), since his "impartiality might reasonably be questioned."

*United States v. Bennett,* 539 F.2d 45 (10th Cir.1976).

Refusal to recuse upheld.

Motion pursuant to § 144, based on alleged personal bias and prejudice and antagonism towards the defendant. Defendant alleged that he could offer proof that the judge had a conscious or unconscious belief that the defense was a sham, and that he believed the defendant was guilty and could never believe the defense.

*Held:* The affidavit was insufficient. It lacked facts having the tendency to show personal bias and prejudice and contained only insufficient conclusions. A second affidavit was filed which was held to be untimely and insufficient.

*Antonello v. Wunsch,* 500 F.2d 1260 (10th Cir.1974).

Refusal to recuse upheld.

Motion pursuant to § 144, based on the grounds that the judge had previously been a member of the Kansas Supreme Court at the time of the court's decision in *Carroll v. Kittle,* 203 Kan. 841, 457 P.2d 21 (1969), and that by voting with the majority the judge had participated in the formula which was under attack in the instant case.

*Held:* The affidavit is insufficient, it must state facts showing a personal bias and prejudice. The fact that a judge has previously expressed himself on a particular point of law is insufficient.

*Shadid v. Oklahoma City,* 494 F.2d 1267 (10th Cir.1974).

Refusal to recuse upheld.

Motion pursuant to § 455. Defendant alleges judge is so connected with the litigation as to make it improper for him to sit.

*Held:* There are no facts in the record which indicate the judge should have recused himself. Whether the judge is connected to the litigation is within his own judgment.

*Davis v. Cities Service Oil Co.,* 420 F.2d 1278 (10th Cir.1970).

Refusal to recuse upheld.

Motion pursuant to § 144. The trial judge was correct in refusing to recuse. The motion was untimely and failed to allege bias which stemmed from an extrajudicial source.

*Knoll v. Socony Mobil Oil Co.,* 369 F.2d 425 (10th Cir.1966).

Refusal to recuse upheld.

Motion pursuant to § 144. Bias and prejudice alleged due to previous adverse rulings.

*Held:* The motion was untimely and insufficient in that merely because a judge has

made prior adverse rulings is not sufficient to illustrate personal bias or prejudice.

*Texaco Inc. v. Chandler*, 354 F.2d 655 (10th Cir.1965).

Refusal to recuse reversed.

Motion to recuse alleged that the judge was connected with a party to the litigation in that the plaintiff's attorney in the present litigation was also the judge's attorney at this time. Recusal is warranted because the judge has a sufficient connection with a "party or his attorney."

*Occidental Petroleum Corp. v. Chandler*, 303 F.2d 55 (10th Cir.1962).

Refusal to recuse reversed.

Recusal is warranted because: 1) the judge conducted meetings and intentionally excluded certain parties and their counsel even though the subject of the meetings would affect those individuals; 2) the judge attempted to prevent the court officer from the performance of his official duties and responsibilities; 3) the judge had personal enmity, hostility, bias and prejudice against Occidental and could not conduct an impartial and fair trial.

*Martin v. United States*, 285 F.2d 150 (10th Cir.1960).

Refusal to recuse upheld.

Motion does not comply with the statute, and adverse rulings of the court are not legal grounds for disqualification.

*Inland Freight Lines v. United States*, 202 F.2d 169 (10th Cir.1953).

Refusal to recuse upheld.

Motion pursuant to § 144, however affidavit only asserted conclusions and failed to allege facts which indicated bias and prejudice.