**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff-Appellee,

v.

SOLV-EX CORPORATION;
HERBERT M. CAMPBELL,

Defendants,

and

JOHN S. RENDALL,

Defendant-Appellant.

No. 05-2001
(D.C. No. CIV-98-860 BB/RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **O'BRIEN** , **HOLLOWAY** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant John S. Rendall, proceeding *pro se*, appeals the district court's denial of his motion for disqualification and for relief from judgment filed pursuant to 28 U.S.C. § 144 and Fed. R. Civ. P. 60(b)(1), (2), (4), and (6). Rendall contends that the district court judge relied on evidence that did not exist in making his amended findings of facts and conclusions of law in this SEC enforcement action. He further contends that the judge's reliance on evidence not in the record both established his bias and prejudice and tainted all his findings such that the judge should be disqualified and Rendall should be relieved from the judgment finding him guilty of securities violations, imposing civil penalties, and enjoining him from further violations. In particular, Rendall points to five instances in the judge's forty-five-page decision in which he referred to a witness's video testimony when that witness actually testified in person at trial, one instance in which he purported to quote from a witness's testimony but did not do so accurately, and one instance in which he cited an exhibit that Rendall contends did not support the factual finding for which it was cited. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Section 144 provides for the disqualification of a district court judge when a party to a proceeding before that judge files a "timely and sufficient affidavit"

-2-

showing that the judge has "a personal bias or prejudice either against him or in favor of any adverse party." An affidavit filed under § 144 is "strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). "The bias charged must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case." *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977). Further, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Whether to recuse is a decision "committed to the sound discretion of the district court," and we will not reverse a judge's refusal to recuse absent an abuse of that discretion. *Burger*, 964 F.2d at 1070. Based upon our careful review, we conclude that the district court judge properly denied Rendall's motion seeking to disqualify him under § 144. Even if the district court judge did make the errors Rendall cites, they do not suggest in any way that bias or prejudice was at work in the judge's decision.

Because the district court judge properly refused to disqualify himself from the case, it was proper for him to rule on Rendall's motion for relief from judgment under Rule 60(b). To the extent that Rendall challenges the district

court's denial of his Rule 60(b) motion on the merits, we generally review that decision for an abuse of discretion. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Our review demonstrates that none of the errors cited by Rendall justifies relief from the judgment under Rule 60(b)(1), (2), (4), or (6). Therefore, the district court properly denied Rendall's motion.

The judgment of the district court is AFFIRMED. Appellee's motion for summary dismissal of the appeal is DENIED as moot.

Entered for the Court

Bobby R. Baldock
Circuit Judge