ALEXANDER NAGY, JR., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nagy v. Commissioner
Docket No. 2309-79.
United States Tax Court
T.C. Memo 1980-235; 1980 Tax Ct. Memo LEXIS 348; 40 T.C.M. (CCH) 581; T.C.M. (RIA) 80235; July 7, 1980, Filed Alexander Nagy, Jr., pro se. John R. Dorocak, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1977 in the amount of $3,934. After concessions *350 by the parties, the sole issue remaining for determination is whether petitioner is entitled to the benefits of a joint return under section 6013(a). FINDINGS OF FACT Some of the facts were stipulated and are so found. At the time the petition was filed, Alexander Nagy, Jr., (petitioner) resided in Parma, Ohio. He was employed as a teacher by the Maple Heights Board of Education (Board), Maple Heights, Ohio. Petitioner filed a form 1040 with attachments for 1977 which set forth his name, address and social security number, the fact that $1,621.53 of Federal income tax had been withheld, and a request for refund of said $1,621.53. A sentence stating that "I have taken a vow of poverty, copy attached, therefore, exempted from withholding and FICA taxes" was typed on the front page of the Form 1040. A statement entitled "Vow of Poverty" was attached to the Form 1040. Petitioner also attached a Form W-2 to the Form 1040 which showed in part that the Board as his employer had paid him $17,450.20 in compensation, that $1,621.53 in Federal income tax had been withheld and that no FICA employee tax had been withheld. The petitioner did not list this $17,450.20 or any other *351 income on the appropriate lines on the Form 1040. Petitioner was the only individual who dated and signed the Form 1040 under penalties of perjury. He did not claim a filing status or exemptions, deductions, credits or complete any other lines on the Form 1040. Respondent determined a deficiency computed on the basis of the amount of income shown on petitioner's Form W-2, one exemption, and the filing rates and status of a married individual filing separately. At trial, respondent conceded petitioner was entitled to four exemptions, one for himself, his wife and two children. Petitioner stated in his petition that respondent erred in disregarding the fact that he had filed a 1040 tax return on which he certified under penalties of perjury that no tax was due because of his exempt status as a Minister of the Life Science Church and a member of the Religious order of Almighty God who has taken a vow of proverty. OPINION At trial, the petitioner conceded, among other things, that he no longer claimed to be exempt from taxation for 1977. In view of his concessions, the Court need not consider either petitioner's claim to be exempt or respondent's reference to a tax avoidance *352 scheme. Thus, the issue as posed by the parties is whether petitioner is entitled to claim the benefits of the filing status and rates of a married individual filing jointly under section 6013(a). Petitioner claims that he filed his return only as a request for refund and that he never intended it to be the return of a married person filing separately since he had not filled out any information on the return concerning filing status. The very fact that he had not filled out the filing status information is fatal to his case. This Court has said that: "The acid test for determining whether a document constitutes a valid tax return is whether it contains sufficient data from which respondent can compute and assess a tax liability." White v. Commissioner,72 T.C. 1126, 1129 (1979). It is obvious that respondent found that petitioner's Form 1040 disclosed sufficient information relating to petitioner's income from which his tax could be computed. United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). Therefore, petitioner's case does not fall under the line of authority holding that no return was *353 filed and sustaining criminal conviction of the person who should have filed a return. See United States v. Irwin,561 F.2d 198 (10th Cir. 1977), cert. denied 434 U.S. 1012 (1978); United States v. Daly,481 F.2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973). It is uncontested that petitioner did not make a single return jointly with his wife under section 6013(a). Yet petitioner believes that respondent should have given him the benefit of the joint return election in computing his deficiency for 1977. There is no indication in the documents filed by petitioner that his wife ever consented to accepting joint lialbility. Under such circumstances respondent could not prepare a joint return for petitioner. Dritz v. Commissioner,427 F.2d 1176 (5th Cir. 1970), affirming per curiam a Memorandum Opinion of this Court; see Anderson v. Commissioner,T.C. Memo. 1973-155. Section 6013(a) clearly predicates the benefits of joint rates on the making of a joint return. Congress never intended to provide for any other method for obtaining the benefits of a joint return election and therefore *354 none is permitted. Dritz v. Commissioner,supra.This construction of section 6013(a) is supported by the fact that respondent's authority to issue a joint deficiency notice under section 6212(b)(2) is limited to circumstances where a joint return has been filed by a husband and wife. At trial, one of respondent's arguments was that under section 6013(b)(2)(C) petitioner was not entitled to elect joint filing status after he had filed a timely petition with this Court. We agree. Since a separate return was accepted as filed by petitioner for the taxable year 1977, section 6013(b)(2)(C) by its terms also precludes the making of a joint return for that year. Petitioner belatedly attempted to claim that the Form 1040 was not a return. But at trial he said that "Now, I'm not sure -- like, I can't say that the 1040 form was a return -- it was a return -- I mean officially, the paper stated it was a return, but I did not mark the status, my filing status on it." It is clear that he intended to use the Form 1040 as a return to claim a refund of the full amount of taxes shown as withheld on the attached Form W-2. He continued to characterize it as a return when *355 he petitioned with Court for a determination. This Court finds that although the petitioner chose to submit an incomplete Form 1040, it was his 1977 Federal income tax return for the reasons previously stated. In fact, if we did not find that petitioner had filed it as his 1977 return, it appears that he would be subject to criminal prosecution as were the taxpayers in United States v. Porth,supra,United States v. Irwin,supra, and United States v. Smith,618 F.2d 280 (5th Cir. 1980). See also, United States v. Long,618 F.2d 74 (9th Cir. 1980). The Court believes petitioner should consider himself fortunate. To the extent he has to pay a tax greater than that due if he had properly completed his return in every detail, it is his own fault. To reflect respondent's concession that petitioner was entitled to four exemptions in 1977, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.