F I L E D

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE WILLIAM
FITZGERALD,

     Petitioner - Appellant,

v.

CARL ZENON, Superintendent;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

     Respondents - Appellees.

No. 04-1285
(D. Colorado)
(D.Ct. No. 04-Z-1125)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Lawrence William Fitzgerald, Jr., a state prisoner appearing *pro se*,[1] seeks a

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

certificate of appealability ("COA") allowing him to appeal the district court's order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also moves to proceed *in forma pauperis* (*ifp*) on appeal. Because we determine that Fitzgerald has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000), we deny a COA, dismiss the appeal, and deny his motion to proceed *ifp*.

Background:

Fitzgerald is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He alleges that in 1991 he was sentenced to a term of four years in prison after entering an *Alford*[2] plea to one count of attempted violation of a custody order. He did not file a direct appeal, but rather filed several post-conviction motions challenging the validity of his conviction in a Colorado district court ("CDC"). On January 28, 1992, Fitzgerald filed a motion to reconsider his sentence under Rule 35(b) of the Colorado Rules of Criminal Procedure, which the CDC denied on May 13, 1992. On August 11, 1992, he filed his first motion challenging the validity of his conviction under Rule 35(c) of the Colorado Rules of Criminal Procedure, which the CDC denied on April 25, 1997. Fitzgerald also filed a motion for the appointment of counsel to assist him

---

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

in filing an appeal and preparing a new post-conviction motion, which the CDC denied on May 29, 1997. He then filed a motion for reconsideration which the CDC did not address. In July 2000, Fitzgerald filed his second Rule 35(c) motion which was denied as successive in November 2000. Fitzgerald appealed; the Colorado Court of Appeals affirmed the denial of his second Rule 35(c) motion but reversed and remanded his ineffective assistance of post-conviction counsel claim. Fitzgerald alleges the CDC has failed to act on remand.

On June 2, 2004, Fitzgerald filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the district court ("USDC"). Fitzgerald asserted three claims for relief: 1) the state trial court's failure to consider his post-conviction motion on remand violated his due process rights and this failure should excuse his failure to exhaust his state court remedies; 2) the state court violated his equal protection rights by delaying his post-conviction proceedings because of his poverty; and 3) his post-conviction counsel was ineffective. On June 18, 2004, the district court dismissed Fitzgerald's habeas corpus application for failure to allege a cognizable federal constitutional claim. On July 1, 2004, Fitzgerald filed a Motion to Reconsider, which the USDC denied on July 13, 2004. On July 21, 2004, Fitzgerald filed a Request for Certificate of Probable Cause Pursuant to Rule 22(b) which the USDC construed as a Notice of Appeal and request for COA. On July 29, 2004, the USDC denied a COA because

-3-

Fitzgerald had not made a substantial showing of the denial of a constitutional right. Fitzgerald then filed a motion to proceed *ifp* on appeal. The district court denied his motion on August 11, 2004, pursuant to 28 U.S.C. § 1915(a)(3), concluding the appeal was not taken in good faith because he had not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised. *See* FED. R. APP. P. 24(a)(1).

On appeal, Fitzgerald seeks a COA, reasserting the three claims he raised in USDC and challenging it's failure to grant an evidentiary hearing. He has also filed a motion for leave to file a supplemental brief, arguing for the first time that the federal district court judge was biased and should have recused herself. Ordinarily we do not consider arguments raised for the first time on appeal or not ruled upon by the district court. *In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992); *In re R. Eric Peterson Constr. Co.*, 951 F.2d 1175, 1182 (10th Cir. 1991). However, Fitzgerald claims he was unaware of the putative bias until after he filed his appeal. We exercise discretion and grant his motion to file the brief, *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1229 (10th Cir. 1996), but as we discuss below, reject his argument that the judge should have recused herself. Fitzgerald also renews his motion for leave to proceed *ifp* on appeal. *See* FED. R. APP. P. 24(a)(5).

Discussion:

After careful consideration of the materials submitted by Fitzgerald against the backdrop of the state court record, it is apparent the district court's conclusions are not reasonably debatable. *See Slack v. McDonald,* 529 U.S. 473, 484 (2000). States are not obligated to provide defendants with post-conviction review. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). As such, "constitutional error [that] focuses only on the State's post-conviction remedy and not the judgment which provides the basis for . . . incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also* 28 U.S.C. § 2254(i) (expressly barring relief for claims alleging ineffective assistance of counsel in state collateral post-conviction proceedings); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). Each of Fitzgerald's claims in federal court challenged the validity of Colorado's post-conviction procedures. Because the claims did not address the validity of his conviction or sentence, they did not state a cognizable federal habeas claim. As such, Fitzgerald was not entitled to an evidentiary hearing under § 2254.

Fitzgerald's claim that the judge was required to recuse herself under 28 U.S.C. §§ 144 and 455 for perceived bias is without merit. To warrant recusal under § 144, the alleged bias must be personal and extrajudicial. *See United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977); *Davis v. Cities Serv. Oil Co.*, 420 F.2d 1278, 1282 (10th Cir. 1970). The mere fact that the district court judge

presided over a separate case and granted summary judgment for parties who were "indispensable" to Fitzgerald's prosecution (Appellant's Supp. Br. at 1.) does not amount to personal bias or prejudice. The separate case did not involve Fitzgerald or his criminal conviction, and even if it did, Fitzgerald provides no support for concluding the judge was biased against him, that the bias was personal, or that the bias was attributable to an extrajudicial source. Nor does § 455 provide an avenue for recusal as it requires the disqualification of a judge if "his impartiality might *reasonably* be questioned." 28 U.S.C. § 455(a)(emphasis added). Neither a judge's knowledge about a party from the judge's participation in a separate case nor a prior adverse ruling in another proceeding is a ground for recusal under §§ 144 or 455. *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993) (collecting cases).[3]

Because Fitzgerald's petition clearly does not state a cognizable constitutional claim, he has failed show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues he raises on appeal. His complaint merely consists of conclusory allegations that fail to present any legal theory or specific facts that could conceivably amount to a constitutional violation. Accordingly, we deny his request to proceed *ifp* on appeal.

---

[3] The claim of bias is especially doubtful here, where the district court judge's opinion in the separate matter was affirmed on appeal. *See Morgan v. Gertz*, 166 F.3d 1307 (10th Cir. 1999).

<u>Conclusion</u>:

We **GRANT** Fitzgerald's motion for leave to file a supplemental brief. For substantially the same reasons set forth by the district court, we **DENY** Fitzgerald's request for a COA and **DISMISS** the appeal. We also **DENY** his motion for leave to proceed *ifp* on appeal. Fitzgerald shall remit the full amount of the filing fee within twenty (20) days of this order.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge